

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2008

# Brhd of Locomotive v. Rossi

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3410

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Brhd of Locomotive v. Rossi" (2008). *2008 Decisions.* Paper 618.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/618

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3410
_____

BROTHERHOOD OF LOCOMOTIVE ENGINEERS;
MICHAEL A. SABIA, JR.,
Appellants

v.

GREGORY ROSSI in his individual and official capacity;
JOHN MCNAMARA  in his individual and official capacity;
TOWN OF DOVER, THE
State of New Jersey, Town Admistratory/Clerk;
ZULIMA V. FARBER State of New Jersey, Attorney General;
STATE OF NEW JERSEY

On Appeal from the United States District Court
for the District of New Jersey
No. 05-cv-00475
(Honorable William J. Martini)

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 11, 2007

Before: McKEE, CHAGARES,
and HARDIMAN, Circuit Judges

(Filed:  August 28, 2008)

OPINION OF THE COURT

McKee, *Circuit Judge*

The Brotherhood of Locomotive Engineers and Michael A. Sabia, Jr. appeal the district court's order granting summary judgment in favor of the defendants and dismissing the complaint which the plaintiffs filed pursuant to The Federal Railway Safety Act of 1970. For the reasons that follow, we will affirm.

Inasmuch as we write primarily for the parties who are presumed to be familiar with this case, we need not recite the factual or procedural background except insofar as may be helpful to our brief discussion.

The only issue raised on appeal is whether the district court correctly concluded that plaintiffs had not established a violation of the Fourth Amendment as a matter of law. Plaintiffs maintain here, as they did in the district court, that "particularized suspicion" that an individual may be impaired by alcohol or drugs is required to support probable cause for a search warrant for blood and urine. We have reviewed the very thoughtful Letter Opinion, dated June 16, 2006, in which the district court succinctly but thoroughly explains why summary judgement is warranted in this case. We agree with the court's explanation, and little more discussion of plaintiffs' claims is necessary.

It is now clear that the Fourth Amendment is implicated when law enforcement attempts to obtain a sample of blood or urine. *Skinner v. Railway Labor Executive's Ass'n*, 489 U.S. 602, 616 (1989). Plaintiffs argue the Fourth Amendment was violated here because police did not have probable cause to suspect Sabia of wrongdoing. Rather,

2

as the district court explained, police obtained a search warrant for blood and urine samples because they needed "to rule out any possibility that the death [of the officer Sabia struck] was caused by intoxication on the part of Sabia." The district court relied upon *Zurcher v. The Stanford Daily*, 436 U.S. 547 (1978) in concluding that the warrant was not obtained in violation of the Fourth Amendment. In *Zurcher*, the district court had concluded that "third-party" searches without probable cause "to believe that the owner or possessor of the property is himself implicated in the crime . . .," are only constitutional in very limited circumstances. *Id.* at 554. In reversing that decision, the Supreme Court explained: "[n]othing on the face of the Amendment suggests that a third-party search warrant should not normally issue. The Warrant Clause speaks of search warrants issued on 'probable cause' and 'particularly describing the place to be searched, and the person or things to be seized.'" *Id.* Thus, "[t]he critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property for which entry is sought." *Id.* at 556. The object of the warrant must also constitute contraband or evidence. Here, Sabia's possible intoxication was relevant to establishing whether the deceased officer died as a result of an arson, or because of the intervening cause of Sabia's intoxication.

Accordingly, the warrant was based upon probable cause under *Zurcher*, and the district court correctly granted summary judgment.

3